IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 20-368-01 |
| | | CRIMINAL NO. 22-251 |
| **CARLOS MATCHETT,** | : | |
| a/k/a "Carlito Matchett" | | |

## GOVERNMENT'S PLEA MEMORANDUM

The United States of America, by its attorneys, Jacqueline Romero, United States Attorney for the Eastern District of Pennsylvania, and Amanda R. Reinitz, Assistant United States Attorney for the district, submits the following guilty plea memorandum. The guilty plea hearing is currently scheduled for October 21, 2022.

**I.      INTRODUCTION**

On October 20, 2020, defendant Carlos Matchett, a/k/a "Carlito Machett," and two co-defendants in a three-count indictment with one count of arson of property belonging to an agency that receives federal funding, while creating a substantial risk of injury to others, and aiding and abetting, in violation of 18 U.S.C. §§ 844(f)(2) and 2 (Count One); one count of arson affecting interstate commerce, and aiding and abetting, in violation of 18 U.S.C. §§ 844(i) and 2 (Count Two), and one count of obstruction of law enforcement during a civil disorder, and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2 (Count 3).

Additionally, on June 3, 2020, defendant Matchett was charged by criminal complaint in the District of New Jersey with one count of use of a facility of interstate commerce to organize, promote, encourage, participate in, and carry on a riot, in violation of 18 U.S.C. § 2101. On July 25, 2022, the defendant was charged via Information with the same charge. Pursuant to an

agreement under Federal Rule of Criminal Procedure Rule 20, that case has been transferred from the District of New Jersey to be consolidated with the case filed in the Eastern District of Pennsylvania.

Pursuant to a plea agreement between the parties, attached as Exhibit A, defendant Matchett will plead guilty to Count Three of Indictment Number 20-368, obstruction of law enforcement during a civil disorder, and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3) and 2; and Count One of Information Number 22-251, use of a facility of interstate commerce to organize, promote, encourage, participate in, and carry on a riot, in violation of 18 U.S.C. § 2101.  In exchange, the government will move to dismiss Counts One and Two of the Indictment at the time of sentencing.

## II.     ELEMENTS OF THE OFFENSES

Count 3 of the Indictment (20-368): Civil Disorder

To convict the defendant of civil disorder, the government must prove the following five elements:

(1)   That a civil disorder existed at the time of any alleged violation;

(2)   That such civil disorder was resulting in interference [with interstate commerce or] a federally protected function;

(3)   That one or more law enforcement officers were lawfully engaged in the lawful performance of their official duties incident to and during the commission of such civil disorder;

(4)   That the Defendant attempted to commit an act for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else, in a violent manner with such law enforcement officer or officers; and

(5)   That such attempt to act was done knowingly.

A "civil disorder" means "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or persons of any other individual." 18 U.S.C. § 232(a).

Count One of the Information (22-251): Use of a Facility of Interstate Commerce to Participate in a Riot

To convict the defendant of inciting a riot, the government must prove the following four elements:

(1) That the defendant traveled in or used any facility of interstate commerce;

(2) With intent to a) incite; b) organize, promote, encourage, participate in, or carry on; c) commit any act of violence in furtherance of; or d) aid and abet any person in inciting or participating in carrying on or committing any act of violence in furtherance of;

(3) A riot; and

(4) Performing or attempting to perform any other overt act for any of the foregoing purposes, either during the course of any such travel or use or thereafter.

*United States v. Miselis*, 972 F.3d 518 (4th Cir. 2020)

Riot is defined as "a public disturbance involving (1) an act or acts of violence by one or more persons part of an assemblage of three or more persons, which act or acts shall constitute a clear and present danger of, or shall result in, damage or injury to the property of any other person or to the person of any other individual or (2) a threat or threats of the commission of an act or acts of violence by one or more persons part of an assemblage of three or more persons having, individually or collectively, the ability of immediate execution of such threat or threats, where the performance of the threatened act or acts of violence would constitute a clear and present danger of, or would result in, damage or injury to the property of any other person or to

the person of any other individual." 18 U.S.C. § 2102(a).

### III. MAXIMUM PENALTIES

The maximum penalty for Count Three of the Indictment (civil disorder) is a 5-year term of imprisonment, a 3-year period of supervised release, restitution of $28,588.80, forfeiture a $250,000 fine, and a $100 special assessment.

The maximum penalty for Count One of the Information (use of a facility of interstate commerce to participate in a riot) is a 5-year term of imprisonment, a 3-year period of supervised release, a $250,000 fine, and a $100 special assessment.

Total Maximum Sentence is: 10 years' imprisonment, a 3-year period of supervised release, a $500,000 fine, forfeiture, and a $200 special assessment. Full restitution of $28,588.80 is also required.

Supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to two years per count. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

### IV. FACTUAL BASIS FOR THE PLEA

Were this case to go to trial, the United States would prove, beyond a reasonable doubt, facts including, but not limited to, the following:

On May 30, 2020, the defendant Carlos Matchett attended protests in Center City, Philadelphia, held in response to the death of George Floyd while in police custody in Minneapolis on May 25, 2020. By the late afternoon, a large number of individuals, including Matchett, were in the area of City Hall. The crowds in the area prevented the flow of traffic, and

activities of various people in the area, including in committing acts of arson, created a civil disorder. Several police cars were parked along the street in the area, and the officers assigned to those cars were nearby to assist with the civil disorder.

Philadelphia Police Civil Affairs Car C-109, which was a white-colored sedan, was spray-painted by various members of the crowd. Around 5:30 p.m. that day, a group of people flipped this vehicle over by rocking it back and forth. Subsequently, an unknown person placed a lit road flare inside the vehicle. The defendant was subsequently seen on video and photographic surveillance wearing gloves and sunglasses, and carrying a crowbar, approaching the vehicle with a what appeared to be a bottle of lighter fluid in one hand. In video, he is seen spraying the car with this liquid, before adding the bottle to the burning car. He is also seen adding what appears to be paper to the burning car.

Civil Affairs Car C-109 was unable to be reached by the Philadelphia Fire Department due to the size of the crowds, and the vehicle was destroyed in a total burn. Accordingly, this vehicle was unable to be used by Philadelphia Police to engage in their official duties, a federally-protected function.

On June 2, 2020, the defendant recounted his actions in Facebook messages that were obtained by the government pursuant to a federal search warrant. In these messages, the defendant stated, "we blew up cop cars in philly… the ones you seen on the news." He went on to say, "I had gasline [sic]".

During the evening of May 31, 2020, following peaceful protests in Atlantic City, New Jersey, defendant Matchett used a cellular telephone and the social media platform Facebook, Inc. with the intent to organize, promote, encourage, participate, and carry on a riot near the Tanger Outlets in Atlantic County. Specifically, the defendant stood in the middle of a roadway

in Atlantic County, yelling obscenities at law enforcement officers, disrupting traffic, and encouraging other people to join him in rioting and looting the nearby stores.  The defendant used a cellphone to live-stream and post these activities over the social media platform Facebook, Inc.  After attempting to convince the defendant to stop this conduct, law enforcement officers ultimately placed him under arrest.  At that time, the officers conducted a search incident to arrest, during which they recovered a folding knife, a hatchet, and a jar containing a liquid that appeared to be gasoline based on its appearance and color.

## V. **CONCLUSION**

The United States respectfully submits that this summary of evidence provides a factual basis for the defendant's guilty plea to Count Three of the Indictment, and Count One of the Information, and the government respectfully requests that the Court accept his plea of guilty to the same.

Respectfully submitted,

JACQUELINE ROMERO
United States Attorney


  /s Amanda R. Reinitz
AMANDA R. REINITZ
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Government's Change of Plea Memorandum was delivered to the following by e-mail transmission and/or personal service:

Katrina Young, Assistant Federal Defender
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street, Suite 540W
Philadelphia, PA 19106
katrina_young@fd.org

    /s Amanda R. Reinitz
AMANDA R. REINITZ
Assistant United States Attorney

Dated: October 14, 2022